# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **Deleah Hill,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 2:19-cv-4309 |
| v. : | |
| : | **JUDGE SARAH D. MORRISON** |
| **Global Mediation Group, LLC,** : | |
| : | **Magistrate Judge Kimberly A. Jolson** |
| **Defendant.** : | |

## OPINION AND ORDER

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, this matter is before the Court on Plaintiff Deleah Hill's Motion for Default Judgment.

**I.    BACKGROUND**

On September 27, 2019, Ms. Hill filed a Complaint against Global Mediation Group, LLC, ("GMG") asserting claims under the Fair Debt Collection Practices Act ("FDCPA") (Count I) and Ohio Consumer Sales Practices Act ("OCSPA") (Count II), alleging an invasion of privacy claim (Count III), and seeking a declaratory judgment (Count IV). (ECF No. 1.) Ms. Hill now moves to dismiss her invasion of privacy claim and her request for a declaratory judgment. (Mot. for Default Judgment, ECF No. 8.) That motion is **GRANTED**, and Counts III and IV of the Complaint are **DISMISSED** without prejudice.

In the Complaint, Ms. Hill alleged that GMG violated the FDCPA and OCSPA by harassing her about a debt that she purportedly owed. (Compl. ¶¶ 7–28, ECF No. 1.) Specifically, Ms. Hill alleged that GMG threatened to arrest her if she did not pay the debt and that GMG disclosed personal and confidential information to her grandmother in connection with collecting

the debt. (*Id.* ¶¶ 9–13.) Ms. Hill also alleged that these actions harmed her because they caused her to suffer humiliation, embarrassment, and anxiety. (*Id.* ¶ 15.)

On October 1, 2019, the registered agent for GMG was served with a copy of the Complaint. (ECF No. 3.) Jonathan Hilton, counsel for Ms. Hill, also represents that he spoke via telephone with GMG representatives on December 3, 2019; January 27, 2020; and February 26, 2020. (Jonathan Hilton Decl. ¶¶ 2–5, ECF No. 8-2.) Mr. Hilton has declared that during the January 2020 and February 2020 phone calls, GMG representatives told him something to the effect of "if anything required a response, it would have been sent by now." (*Id.* ¶¶ 4–5.) Counsel for GMG has not noticed an appearance in this case, and GMG has not filed an Answer.

On December 3, 2019, Ms. Hill applied to the Clerk for an entry of default, which the Clerk entered the following day. (ECF Nos. 4, 5.) On February 27, 2020, Ms. Hill filed a Motion for Default Judgment requesting a judgment of default on Counts I and II. (ECF No. 8.) Ms. Hill now seeks $1,000 in statutory damages for the FDCPA violation, $200 in statutory damages for the OCSPA violation, $1,773 in attorney's fees, and $400 in costs. (*Id.*) Ms. Hill has declined to seek any actual damages. (*Id.*) GMG has not filed a response to the motion.

## II. ANALYSIS

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the default has been entered, the party seeking relief from the defaulting party may apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). In addition, once default has been entered, liability has been established as a matter of law and the factual allegations in the Complaint are "no longer open to dispute." *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007).

In addition to actual damages, a plaintiff who establishes an FDCPA violation may recover up to $1,000 in statutory damages, as well as costs and "a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(2)(A), (3) (2018). In determining an appropriate amount of statutory damages, the court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . ." *Id.* § 1692k(b)(1).

A plaintiff who establishes an OCSPA violation may recover $200 in statutory damages. Ohio Rev. Code § 1345.09(B) (West 2020). He/she may also recover "a reasonable attorney's fee." *Id.* § 1345.09(F).

**A.  Damages**

Through her Complaint Ms. Hill has established that GMG threatened her with arrest and incarceration, in violation of two provisions of the FDCPA. *See* 15 U.S.C. §§ 1692d, 1692e. Ms. Hill also established that GMG disclosed to her grandmother personal and confidential information related to the debt in violation of a third FDCPA provision. *Id.* § 1692c(b). Ms. Hill has established that she has suffered actual harm, although she is no longer seeking damages for this harm. Rather, Ms. Hill seeks only the maximum amount of statutory damages ($1,000).

There is a question whether Ms. Hill is permitted to seek statutory damages without also seeking actual damages. This is because the FDCPA refers to the statutory damages as being "additional damages." *Id.* § 1692k(a)(2)(A). That "damages" is preceded by "additional" indicates that "there must be other damages to which they are 'added.'" *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 720 (8th Cir. 2018) (drawing conclusion under Real Estate Settlement Procedures Act ("RESPA")); *see Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 n.4 (11th Cir. 2016) ("[T]he use of 'additional' seems to indicate that a plaintiff cannot

recover pattern-or-practice damages [under RESPA] in the absence of actual damages."). *But see Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780–81 (9th Cir. 1982) (allowing statutory damages under FDCPA without actual damages). In addition, a statutory violation of the FDCPA is not enough to allow for standing to sue under the statute. *Hagy v. Demers & Adams*, 882 F.3d 616, 622–23 (6th Cir. 2018). Rather, a showing of actual harm is a prerequisite for an FDCPA claim and thus a statutory damages award. *Lanton v. Ocwen Loan Servicing, LLC*, 793 F. App'x 398, 402 (6th Cir. 2019).

The Court concludes from Sixth Circuit precedent and from the language in Section 1692k that a plaintiff seeking statutory damages must prove that she would be *entitled* to actual damages, but she need not necessarily *seek* them. Ms. Hill has proven that she would be entitled to actual damages based on her assertion that she suffered humiliation, embarrassment, and anxiety from GMG's phone calls. Thus, an award of statutory damages is appropriate.

The next question is the amount of statutory damages to which Ms. Hill is entitled. In answering this question, the Court must consider the nature, "frequency[,] and persistence of noncompliance" by GMG and GMG's intent. Ms. Hill's Complaint and declaration are unclear as to the number of calls that she and her grandmother received. However, the calls began in September 2019, and the Complaint was filed on September 27, 2019. (*Compare* Daleah Hill Decl. ¶ 2, ECF No. 8-1, *with* ECF No. 1.) Ms. Hill's Declaration appears to describe two phone calls. (Hill Decl. ¶¶ 4–5.) The Complaint merely refers to "multiple" phone calls. (ECF No. 1 ¶ 12.) Ms. Hill also points to other allegedly harassing phone calls by GMG to other customers as justification for awarding the full $1,000. (ECF No. 8, at 6.) Ms. Hill presumably offers this as evidence of "the frequency and persistence of noncompliance" by GMG. However, the Court

does not consider anonymous comments on the website of the Better Business Bureau to be acceptable evidence of GMG's conduct.[1]

Based on the Complaint and Ms. Hill's declaration, GMG acted intentionally, and its actions violated several provisions of the FDCPA. However, based on the limited number of phone calls, Ms. Hill is not entitled to the full $1,000 statutory award. *See Brown v. Halsted Fin. Servs., LLC*, No. 3:12-CV-308, 2013 WL 693168, at *1–2 (S.D. Ohio Feb. 26, 2013) (finding $500 award warranted where Complaint alleged one call that violated several provisions of the FDCPA). The Court awards Ms. Hill $750.

Finally, an OCSPA violation necessitates an award of at least $200. *See* Ohio Rev. Code § 1345.09(B) (providing for recovery of the larger of three times the amount of actual damages or $200). Because Ms. Hill has substantiated an OCSPA violation, she is entitled to an award of $200.

### B. Attorney's Fees

The party seeking fees bears the burden of providing that they are reasonable. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). "The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). This lodestar amount is presumptively reasonable but is not dispositive. *See id.* at 552.

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). The "prevailing

---

[1] It also appears based on the construction of the statute that "frequency and persistence of noncompliance" refers "'only to the consistency of the debt collector's actions with respect to the debtor bringing suit.'" *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, No. 1:06 CV 1397, 2011 WL 1434679, at *5–6 (N.D. Ohio Apr. 14, 2011) (quoting *Dewey v. Associated Collectors, Inc.*, 927 F. Supp. 1172, 1175 (W.D. Wis. 1996)).

market rate . . . in the relevant community" is illustrative when determining what constitutes a reasonable rate. *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 447 (6th Cir. 2009). This Court has previously found $270 to be a reasonable hourly rate for more experienced attorneys and $130 to be a reasonable hourly rate for summer associates. *Fuller v. Lakeshore Fin. LLC*, No. 2:18-cv-1722, 2019 WL 5862811, at *2 (S.D. Ohio Nov. 8, 2019). The Court concludes that these rates are reasonable under these circumstances as well.

However, a plaintiff is not necessarily entitled to recover a fee for all hours expended on a case. *See Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *5 (S.D. Ohio July 25, 2016), *report and recommendation adopted by* 2016 WL 4449570 (Aug. 24, 2016). For example, the hours that counsel spends preparing a response to a show-cause order issued by the court may not be compensable. *See id.*

Pursuant to the Local Rules, "[i]f a party obtains a default but does not, within a reasonable time thereafter, file a motion for a default judgment, the Court may by written order direct the party to show cause why the claims upon which default was entered should not be dismissed for failure to prosecute." S.D. Ohio Civ. R. 55.1(b). The Clerk entered an order of default on December 4, 2019. (ECF No. 5.) After seventy-one days of inaction, the Court issued an order to show cause why the case should not be dismissed. (ECF No. 6.) For the reasons explained in Mr. Hilton's response, the Court concludes that this case should not be dismissed for failure to prosecute. (*See* ECF No. 7.)

However, the Court is not convinced that fees are warranted for the time spent drafting the response to the show-cause order. Notably, Mr. Hilton's billing records show that he did not begin working on the motion for default judgment until February 26, 2020, eighty-four days after the Clerk's entry of default. (ECF No. 8-3.) Eighty-four days is not a reasonable amount of time

within the meaning of Local Rule 55.1. (*See Walker-Macklin*, No. 1:15-CV-535, ECF Nos. 5, 6, 25 (disallowing fees for show-cause order issued after no answer was filed and forty-four days had passed without an application for default).) Accordingly, the Court deducts the 1.3 hours spent on the show cause order from the total number of hours spent on the case (7.5). At a billing rate of $270, the Court thus deducts $351 from the $1,773 in attorney's fees sought by Ms. Hill. The Court awards Ms. Hill $1,422 in attorney's fees, plus $400 in costs.[2]

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Ms. Hill's Motion to Dismiss Counts III and IV without prejudice. The Court also **GRANTS** Ms. Hill's Motion for Default Judgment on Counts I and II and **AWARDS** Ms. Hill $750 in statutory damages on Count I, $200 in statutory damages on Count II, $1,422 in attorney's fees, and $400 in costs.

**IT IS SO ORDERED.**

   /s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[2] Ms. Hill has not specified the basis for her request for $400 in costs. However, the Court assumes that this refers to the filing fee paid in this case. (*See* ECF No. 1.)