IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DELEAH HILL,**

    **Plaintiff,**

    v.                                               **Civil Action 2:19-cv-4309**
                                                               **Judge Sarah D. Morrison**
                                                                **Magistrate Judge Jolson**

**GLOBAL MEDIATION GROUP, LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Currently before the Undersigned is Plaintiff's Motion to Hold Defendant in Contempt. (Doc. 14). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED in part and DENIED in part**. Specifically, it is **RECOMMENDED** that Defendant be held in civil contempt for its failure to comply with the Court's September 17, 2020, order directing it to produce post-judgment discovery (Doc. 12). Further, should the Court adopt that recommendation, it is additionally **RECOMMENDED** that Defendant be fined for its noncompliance, beginning the day after the Court's Order adopting the Report and Recommendation.

The daily fine shall start at $25 for the first thirty (30) days of noncompliance. If Defendant fails to comply by that date, the daily fine shall be increased to $50 for thirty (30) days thereafter. If, after that time, Defendant has still failed to comply, the Court will consider, upon motion by Plaintiff, increasing the daily fine. Plaintiff shall keep the Court appraised of Defendant's compliance, or lack thereof.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation by regular and certified mail to Defendant's managing member, Jerald Verhagen, 6000 N. Bailey Ave Suite 2C, Amherst, NY 14226. The Clerk shall indicate on the docket the fact of those mailings.

## I. MAGISTRATE JUDGE'S AUTHORITY

"Except in cases where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) . . . the Magistrate Judge may not enter an order of civil contempt." *Williams v. Vandeviver*, No. 11-CV-15667, 2013 WL 6062383, at *2 (E.D. Mich. Nov. 18, 2013). Rather, "[t]he accepted procedure is to certify the facts supporting a finding of contempt within the context of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B)." *Id*. (collecting cases).

## II. CERTIFICATION OF FACTS

On February 27, 2020, Plaintiff filed a Motion for Default Judgment (Doc. 8), which the Court granted (Doc. 9). The Court then entered judgment against Defendant in the amount of $2,772. (Doc. 10). Defendant has not made any payments on the judgment. (*See generally* Doc. 11-1). After the entry of default judgment, Plaintiff served Defendant with post-judgment discovery. (*See* Doc. 11-2). Defendant failed to respond to Plaintiff's discovery requests, so Plaintiff moved to compel. (Doc. 11). On September 17, 2020, the Undersigned granted Plaintiff's Motion to Compel and ordered Defendant to respond to Plaintiff's discovery requests within two weeks. (Doc. 12). Plaintiff's counsel then mailed and personally served the Undersigned's Order to Defendant's managing member, Jerry Verhagen, at Defendant's offices in Buffalo, New York. (*See* Docs. 14-1, 14-2).

After Defendant failed to timely produce the outstanding discovery, Plaintiff filed the instant Motion. (Doc. 14). Plaintiff asks the Court to hold Defendant in civil contempt, and thereafter, order Defendant to pay her a daily fine of $100. (*See generally id*.). On October 26,

2020, the Undersigned ordered Defendant to respond to Plaintiff's Motion for Contempt by November 12, 2020. (Doc. 15). Defendant did not do so. Consequently, the Undersigned set a show cause hearing for December 16, 2020, at 11:30 a.m. (Doc. 16). The Undersigned specifically ordered a corporate representative for Defendant Global Mediation Group, LLC to appear and show cause why Defendant should not be held in contempt. (*Id.*). The Undersigned also warned Defendant that failure to appear would result in it being held in contempt and issued monetary fines. (*Id.*).

As scheduled, the Court held a show cause hearing on December 16, 2020, at 11:30 a.m. Counsel for Plaintiff appeared. The Court allowed an additional five minutes for Defendant to appear, but Defendant never did. Plaintiff's counsel thoroughly described his attempts to contact Defendant, including as recently as the evening before the hearing. Based on these representations, as of the date of this Report and Recommendation, Defendant has yet to respond to Plaintiff's post-judgment discovery.

Accordingly, because Defendant has had every opportunity to appear and respond to Plaintiff's Motion, the Undersigned now considers Plaintiff's Motion for Contempt.

### III. STANDARD

"Civil contempt serves two distinct purposes: (1) 'civil contempt is used to enforce, through coerciveness, compliance with a court's order' and (2) 'civil contempt can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct.'" *Scioto Const., Inc. v. Morris*, No. 4:99-CV-83, 2007 WL 1656222, at *3 (E.D. Tenn. June 7, 2007) (quoting *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 595 n.5 (6th Cir. 1999)).

"'The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence.'" *Morris*, 2007 WL 1656222, at *3 (internal quotation marks omitted) (quoting *United States v.*

3

*Ayres*, 166 F.3d 991, 994 (9th Cir. 1999)). "This clear and convincing evidence must show the alleged contemnor 'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Morris*, 2007 WL 1656222, at *3 (quoting *Elec. Workers Pension Tr. Fund of Local Union /58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003)).

Once the movant establishes "a prima facie case of civil contempt, 'the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Morris*, 2007 WL 1656222, at *3 (quoting *Gary's Elec. Serv. Co.*, 340 F.3d at 379). To meet this burden, "the alleged contemnor 'must show categorically and in detail why he or she is unable to comply with the court's order.'" *Morris*, 2007 WL 1656222, at *3 (quoting *Gary's Elec. Serv. Co.*, 340 F.3d at 379).

## IV.   DISCUSSION

Plaintiff has shown by clear and convincing evidence that Defendant has not complied with the Court's September 17, 2020, order directing Defendant to respond to Plaintiff's post-judgment discovery. Defendant has failed to respond to any, let alone all seventeen requests for production. (Doc. 11-2). Indeed, Defendant has failed to participate at all in this litigation. Despite multiple opportunities to produce the discovery and respond to Plaintiff's Motions, Defendant has failed to do so. And despite the Court's warning that Defendant's failure to appear at the show cause hearing would result in it being found in contempt, Defendant did not avail itself of the opportunity to appear at the show cause hearing to demonstrate either compliance with, or a current inability to comply with, the Court's Order. *See, e.g.*, *Williams*, 2013 WL 6062383, at *3 (recommending that defendants be held in contempt where they disobeyed court orders "ordering defendants to pay the judgment in full, or respond to plaintiff's post judgment discovery, or appear before the Court to show cause why they should not be sanctioned for failing to respond to plaintiff's post-judgment discovery requests"). In sum, Plaintiff has met her prima facie case of civil contempt.

The burden now shifts to Defendant to show why it is unable to comply with the Court's order. *Morris*, 2007 WL 1656222, at *3. Defendant has failed to meet its burden. Its failure to abide by Court orders to respond to discovery and failure to appear at the show cause hearing "constitutes disobedience of lawful orders and thus contempt before the undersigned magistrate judge." *Williams*, 2013 WL 6062383, at *3. "To date, [D]efendant[] ha[s] been noncompliant with the orders of this Court and ha[s] not shown [it] has taken any steps, let alone reasonable steps to comply with this Court's [ ] Orders" or "appear in Court . . . to explain why [it] ha[s] failed to comply[.]" *Id*. at *4 (quotation marks omitted). The Undersigned, therefore, finds by clear and convincing evidence that Defendant is in civil contempt of court, and sanctions are appropriate.

As for an appropriate remedy, the Undersigned notes that "[t]he purpose of civil contempt is compensatory and remedial, not punitive." *Id*. (citation omitted). Importantly, "'[t]he district court has inherent authority to fashion the remedy for contumacious conduct.'" *Id*. (quoting *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 557 (6th Cir. 2006)). Plaintiff requests that, upon Defendant being held in civil contempt, it be fined $100 for each further day of noncompliance. (Doc. 14). Considering the overall monetary value of this case, however, the Undersigned finds a phased approach appropriate.

Specifically, should the Court adopt this Report and Recommendation, it is recommended that Defendant begin incurring daily fines the day after the Court's opinion adopting this Report and Recommendation. The daily fine will begin at $25 for the first thirty (30) days of noncompliance with the Court's Order. If Defendant fails to comply by that date, the daily fine shall be increased to $50 for thirty (30) days thereafter. If, after that time, Defendant has still failed to comply, the Court will consider, upon motion by Plaintiff, increasing the daily fine. Plaintiff shall keep the Court appraised of Defendant's compliance, or lack thereof.

## V. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED in part and DENIED in part**. Specifically, it is **RECOMMENDED** that Defendant be held in

5

civil contempt for its failure to comply with the Court's September 17, 2020, order directing Defendant to produce post-judgment discovery (Doc. 12). Further, should the Court adopt that recommendation, it is additionally **RECOMMENDED** that Defendant be fined for its noncompliance beginning the day after the Court's Order adopting the Report and Recommendation.

The daily fine shall start at $25 for the first thirty (30) days of noncompliance. If Defendant fails to comply by that date, the daily fine shall be increased to $50 for thirty (30) days thereafter. If, after that time, Defendant has still failed to comply, the Court will consider, upon motion by Plaintiff, increasing the daily fine. Plaintiff shall keep the Court appraised of Defendant's compliance, or lack thereof.

## Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date:   December 17, 2020                        /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE